Keith Beauchamp (012434)
Malvika A. Sinha (038046)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
T: (602) 381-5490
kbeauchamp@cblawyers.com
msinha@cblawyers.com

*Attorneys for Petitioner PHI Health, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| PHI Health, LLC<br><br>          Petitioner,<br><br>     v.<br><br>Whiteriver Unified School District #20; Meritain Health, Inc., and XYZ Corp.,<br><br>          Respondents. | No. _____<br><br>**COMPLAINT TO CONFIRM ARBITRATION AWARD** |

PHI Health, LLC ("PHI") brings this complaint to confirm two related arbitration awards entered in PHI's favor ("IDR Award 157283" and together with "IDR Award 157284," the "IDR Awards") and to enter judgment for PHI in the amount of $38,285.12.

### INTRODUCTION

1.   This action is necessary because Defendants have refused to pay to PHI the money that they were ordered to pay in arbitration awards rendered pursuant to the federal No Surprises Act.

2.   PHI is an air ambulance company that provides emergency medical transports to patients across the country. PHI transported a patient covered by Defendants. After Defendants refused to pay PHI's billed charges for this service, PHI initiated an arbitration pursuant to the federal No Suprises Act. That Act gives PHI the power to compel group health insurance plans and insurers to participate in binding

arbitration over the amount of reimbursement owed. The arbitration is called "Independent Dispute Resolution," or IDR; the arbitrator is called an "IDR entity."

3. The No Surprises Act makes the IDR entity's determination "binding upon the parties involved," and requires the Group Health Plan or insurer to pay what it owes within thirty calendar days after the IDR entity's determination is made.

4. This confirmation action is made necessary because Defendants have failed—for many months—to pay PHI what the IDR entity's determination, and the No Surprises Act, require Defendants to pay for PHI's services.

5. PHI therefore brings this petition, pursuant to the federal No Surprises Act, the Federal Arbitration Act ("FAA"), and the Arizona Revised Uniform Arbitration Act ("ARUAA") to enter an order confirming the IDR Awards and for judgment against Defendants for the amount of money owed PHI.

**PARTIES**

6. PHI is a limited liability company organized under the laws of the State of Louisiana and headquartered in Phoenix, Arizona. PHI does not have a network contract with Defendants; PHI is thus a "nonparticipating provider" for purposes of the No Surprises Act.

7. On information and belief, Defendant Whiteriver Unified School District #20 ("Whiteriver") is the Plan Sponsor of the Group Health Plan that provided coverage to the patient whose transport is at issue (the "Group Health Plan"). Whiteriver is an Arizona school district with its headquarters located at 959 South Chief Avenue, Whiteriver, AZ 85941.

8. Defendant Meritain Health, Inc. ("Meritain Health") is the Plan Insurer and Third Party Administrator for the Group Health Plan that provided coverage to the patient whose transport is at issue. Meritain Health is a New York corporation with its headquarters located at 300 Corporate Parkway, Amherst, NY 14226, and it may be served through its registered agent CT Corporation System at 3800 N Central Ave, Suite 460, Phoenix, AZ 85012. Meritain Health knows the identity of the Plan Sponsor of the

Group Health Plan that provided coverage to the patient whose transport is at issue in this case.

9. If Whiteriver is not in fact the Plan Sponsor of the Group Health Plan that provided coverage to the patient whose transport is at issue in this case, then the identity of the Plan Sponsor is unknown to PHI and this action is instead brought against XYZ CORP, the Plan Sponsor of the Group Health Plan that provided coverage to the patient whose transport is at issue in this case. PHI does not know the identity of XYZ CORP. Defendant Meritain Health is aware of the identity of XYZ CORP.

10. The Plan Administrator and the Plan Administrator's service agent are for all relevant purposes agents of the Group Health Plan and have actual and apparent authority to act on behalf of the Group Health Plan in all matters relevant here. Notice to the Plan Administrator or a service agent for the Plan Administrator qualifies as notice to the Group Health Plan. Actions of the Plan Administrator or a service agent for the Plan Administrator in connection with the IDRs are imputed to the Group Health Plan.

**JURISDICTION AND VENUE**

11. This Court has federal question subject-matter jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because this is an action to confirm a federal arbitral award entered pursuant to the federal No Surprises Act, which federal law makes the IDR award "binding" on Defendants and requires Defendants to pay what is owed within thirty days of the IDR entity's decision. 29 U.S.C. §1185e(c)(5), (6). [1]

12. Venue is proper in this District because Defendant Whiteriver "resides" here. 28 U.S.C. § 1391(b).

13. This Court has personal jurisdiction over Defendants because Defendants

---

[1] The No Surprises Act is codified in triplicate in three different parts of the U.S. Code: 42 U.S.C. § 300gg-111 *et seq.*; (the Public Health Service ("PHS") Act); 29 U.S.C. §§ 1185e *et seq.* (ERISA); and 26 U.S.C. §§ 9816 *et seq.* (the Internal Revenue Code "IRC"). For ease of reference, this complaint cites ERISA. The other provisions do not differ from the ERISA provisions in any way that is significant for purposes of this petition.

Whiteriver and Meritain Health have their offices in this State, do significant business in this State, and have a significant presence here. As part of its administration and service agent work, Meritain Health issued to PHI the Explanation of Benefits ("EOB").

## BACKGROUND ON THE NO SURPRISES ACT

14. The No Surprises Act creates a federal obligation for Group Health Plans and health insurers to pay out-of-network providers of air ambulance services (which the Act calls "nonparticipating providers") for emergency services rendered to the plans' or insurers' covered members or insureds. Specifically, the Group Health Plan or insurer must pay the out-of-network air-ambulance provider the dollar amount by which the "out of network rate . . . exceeds the [patient's] cost sharing amount." 29 U.S.C.§ 1185f(a)(3).

15. The NSA contains a detailed mechanism for determining what the appropriate "out of network" rate is in each case. If the out-of-network air ambulance provider and the health plan or insurer are not able to agree on the appropriate out-of-network rate, then the rate is set by a "determination" of a "certified IDR entity" rendered in an "independent dispute resolution [IDR] process." 29 U.S.C. 1185e(c)(5)(E).

16. The IDR process is baseball-style arbitration. Each side (the air ambulance provider and the Group Health Plan or insurer) submits its own "offer" to the IDR entity stating what it believes the appropriate out-of-network rate to be; each party also submits reasons and evidence supporting its offer. *Id.* § 1185e(c)(5)(B). The IDR entity considers a number of factors, *see id.* § 1185(c)(5)(C), and based on those factors "select[s] one of the offers submitted . . . to be the amount of payment," that is, to be the appropriate out-of-network rate for that transport. *Id.* § 1185(c)(5)(A)-(E).

17. The IDR entity's "determination" is made "binding" by the NSA, which states:

**(E) Effects of determination**

   **(i) In general**

-4-

    A determination of a certified IDR entity under subparagraph (A)--

    (I) shall be binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts presented to the IDR entity involved regarding such claim; and

    (II) shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of Title 9.

29 U.S.C. 1185e(c)(5)(E). The statute just quoted "shall apply" to air ambulance IDR determinations. *Id.* § 1185f(b)(5)(D)-(E).

18. The Group Health Plan or insurer must make the "payment required pursuant to subsection (a)(3) [29 U.S.C.§ 1185f(a)(3)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. *Id.* § 29 U.S.C.§ 1185f(b)(6).

## THE FACTS OF THIS DISPUTE

19. In May 2022, PHI supplied emergency air ambulance transport services to a patient who was a member of Defendants' Plan. On information and belief, the patient's identifying number under the policy was ███████.

20. PHI sent Defendants a bill for these transportation services. As defined above, Defendant Meritain Health is the third-party administrator of Defendants' Plan and is an authorized agent of Whiteriver or XYZ CORP. Defendant Meritain Health is the service agent on behalf of Whiteriver and is an authorized agent of Whiteriver.

21. In August of 2022, Meritain Health sent PHI "Explanation of Benefits" forms relating to the transport at issue in this case. The forms stated that the "Group Number" ███████ The forms also stated that Meritain Health was making initial payments to PHI for the two service codes for this transport (A0431 and A0436), on behalf of Whiteriver.

22. The chart below sets forth the initial payments made by Defendants and the patient's "cost sharing" amounts:

| Service Code | Initial Payment | Patient's "Cost Sharing" |
|---|---|---|
| A0431 | $15,851.58 | $1,518.10 |
| A0436 | $5,082.75 | $0.00 |
| **TOTAL** | $20,934.33 | $1,518.10 |

23. On November 28, 2022, PHI initiated IDR proceedings by submitting valid and effective Notices of Initiation through the federal IDR Portal for the transport at issue in this case. PHI gave valid notice to Defendants, through Meritain Health, of the initiation of IDR proceedings.

24. The IDR dispute for service code A0431 was assigned IDR reference number 157283, and the IDR dispute for service code A0436 was assigned IDR reference number 157284. The IDR entity assigned to both disputes was Network Medical Review Company, Ltd. (the "IDR Entity").

25. The parties were required to submit offers to the IDR Entity according to the No Surprises Act, and PHI complied by submitting offers in both IDR proceedings.

26. On January 3 and 5, 2024, the IDR Entity transmitted to PHI its Written Payment Determination Notices, which include the "IDR Awards." The IDR Awards determine that the appropriate out-of-network rate for this transport in total (i.e., including both service codes) is $60,737.55. The IDR Awards are attached hereto as Exhibit 1.

27. Defendants previously made an initial payment to PHI in the total amount of $20,934.33, an amount less than the IDR Awards as set forth on Exhibit 1.

28. The No Surprises Act obligates Defendants to pay PHI a total amount of $38,285.12 (the "IDR Award Balance Owed"), which represents (i) the "out-of-network rates" determined by the IDR Entity and set forth in the IDR Awards; minus (ii) the

patient's "cost sharing" amount as determined by Defendants, and minus (iii) the amounts previously paid by Defendants:

| Service Code | IDR No. | IDR Award | Initial Payment | Patient's "Cost Sharing" | IDR Award Balance Owed |
|---|---|---|---|---|---|
| A0431 | 157283 | $27,861.00 | $15,851.58 | $1,518.10 | $10,491.32 |
| A0436 | 157284 | $32,876.55 | $5,082.75 | $0.00 | $27,793.80 |
| | | $60,737.55 | $20,934.33 | $1,518.10 | $38,285.12 |

29. To date, Defendants have not paid PHI the full amount it is owed, which is $38,285.12.

## CAUSES OF ACTION

### Count I
### Application to Confirm the IDR Award Under the Federal Arbitration Act, 9 U.S.C. § 9

30. PHI incorporates by reference the allegations of the preceding paragraphs.

31. The IDR Awards should be confirmed by judgment of this Court pursuant to the FAA, 9 U.S.C. § 9.

32. PHI and Defendants were required to participate in the IDRs pursuant to the NSA. 29 U.S.C. §1185f(b)(5)(B).

33. The IDR Awards are valid and have not been vacated or set aside by any authority.

34. No grounds exist for vacating, modifying, or correcting the IDR Awards.

35. Confirmation of the IDR Awards necessitates a money judgment in PHI's favor in the total amount that Defendants are obligated to pay to PHI.

### Count II
### Application to Confirm the IDR Award Under the Arizona Revised Uniform Arbitration Act

36. PHI incorporates by reference the allegations of the preceding paragraphs.

37. The IDR Awards should be confirmed by judgment of this Court pursuant to the Arizona Revised Uniform Arbitration Act. *See* ARIZ. REV. STAT. §12-3001, *et*

-7-

*seq.*

38. PHI and Defendants were required to participate in the IDRs pursuant to the NSA. 29 U.S.C. §1185f(b)(5)(B).

39. The IDR Awards are valid and have not been vacated or set aside by any authority.

40. No grounds exist for vacating, modifying, or correcting the IDR Awards.

41. Confirmation of the IDR Awards necessitates a money judgment in PHI's favor in the total amount that Defendants are obligated to pay to PHI.

### Count III
### Implied Right of Action Under the NSA

1. The No Surprises Act ("NSA") includes an implied right of action against Defendants for the amount owed to PHI.

2. Specifically, the NSA requires Defendants to make the "payment required pursuant to subsection (a)(3) . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. 29 U.S.C. 1185f(b).

3. The NSA thus requires Defendants to pay $38,285.12 to PHI for the transport at issue in this case.

### PRAYER FOR RELIEF

PHI requests that the Court enter final judgment in its favor and against Defendants as follows:

A. Confirming the IDR Awards pursuant to the Federal Arbitration Act;

B. Confirming the IDR Award pursuant to the Arizona Revised Uniform Arbitration Act;

C. Confirming the IDR Award pursuant to the No Surprises Act;

D. Ordering Defendants to pay PHI the amount of $38,285.12, representing the IDR Award Balance Owed;

E. Ordering Defendants to pay PHI's reasonable attorneys' fees and interest;

1         and

2   F.    Awarding PHI all other relief to which it may be entitled.

3 RESPECTFULLY SUBMITTED this 2nd day of January, 2025.

**COPPERSMITH BROCKELMAN PLC**

By /s/ Malvika A. Sinha
    Keith Beauchamp
    Malvika A. Sinha

*Attorneys for Petitioner PHI Health, LLC*